UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-10697 JAK (SHx) | Date | February 21, 2013 |
| Title | Alan Warner, et al. v. Wright Medical Group, Inc., et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND (Dkt. 3)
JS-6

On December 27, 2011, Alan Warner and Patricia Warner ("Plaintiffs") brought an action in the Los Angeles County Superior Court in which Brad L. Penenberg ("Penenberg"), Wright Medical Group, Inc. ("Wright Group"), Wright Medical Technology, Inc. ("Wright Technology"), and Does 1 through 100 (collectively, "Defendants") were initially named as the adverse parties. Motion, Exh. 2, Dkt. 3-2. The complaint advanced five causes of action, stemming from the installation of Alan Warner's hip implants: (i) medical malpractice (by Alan Warner, against Penenberg); (ii) strict products liability (by Alan Warner, against Wright Group and Wright Technology); (iii) negligence (by Alan Warner, against Wright Group and Wright Technology); (iv) breach of warranty (by Alan Warner, against Wright Group and Wright Technology); and (v) loss of consortium (by Patricia Warner, against all Defendants). *Id.*

On August 16, 2012, Plaintiffs filed amendments to the complaint, replacing Doe 1 and Doe 2 with Harlan C. Amstutz, a medical corporation (the "Amstutz Corporation"), and Harlan C. Amstutz, an individual ("Amstutz"). Opposition, Exh. 2, Dkt. 10-1. However, Amstutz and the Amstutz Corporation were not served until December 26, 2012. *Id.* at Exh. 5-6. On August 30, 2012, pursuant to a request from Plaintiffs, Penenberg was dismissed from the action without prejudice. *Id.* at Exh. 4. Wright Group and Wright Technology claim they first learned of Penenberg's dismissal on January 3, 2013. *Id.* at p. 4, Dkt. 10. Plaintiffs and Penenberg are California residents; Wright Group and Wright Technology are incorporated in Delaware and have their principal place of business in Tennessee. Motion, Exh. 2, Dkt. 3-2. The Amstutz Corporation is a California corporation; Defendants contend that Amstutz is a California citizen, although this does not appear to be pleaded. Opposition, Exh. 2, Dkt. 10-1; Motion at p. 4, Dkt. 3.

On December 14, 2012, Defendants Wright Group and Wright Technology (collectively, the "Wright Defendants") removed the action to this Court. Dkt. 1. The Wright Defendants contend that there is complete diversity under 28 U.S.C. § 1332 because: (i) they are citizens of Delaware and Tennessee (*id.* at ¶ 4); (ii) Plaintiffs are citizens of California; and (iii) the apparent California citizenship of Amstutz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-10697 JAK (SHx) | Date | February 21, 2013 |
|---|---|---|---|
| Title | Alan Warner, et al. v. Wright Medical Group, Inc., et al. | | |

and the Amstutz Corporation does not defeat diversity because, although each was substituted into this action as a Doe defendant on August 16, 2012, neither was timely served under the California Rules of Court, and both were served following the removal of this action. On January 15, 2013, Plaintiffs filed a Motion to Remand (the "Motion"). Plaintiffs contend that the service of Amstutz and the Amstutz Corporation (collectively, the "Amstutz Defendants") was completed on December 26, 2012. They contend that, as a result, there is not complete diversity because Plaintiffs and the Amstutz Defendants are citizens of California. Dkt. 3.

Defendants filed their opposition on February 4, 2013 (Dkt. 10), and Plaintiffs filed their reply on February 11, 2013 (Dkt. 11). The Motion is set for hearing on February 25, 2013. The Court has considered the matters raised by the pleadings submitted by each of the parties and has concluded that, pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Motion can be decided without oral argument. Consequently, the Court takes the February 25, 2013 hearing off calendar and issues this written ruling. For the reasons stated in the Order, the Motion is GRANTED, and this matter is remanded to the Los Angeles County Superior Court.

Defendants contend that, pursuant to California Rule of Court 3.110, Plaintiffs were required to serve the Amstutz Defendants within 30 days of naming them as Defendants. *See* California Rule of Court 3.110(b) ("When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint."). Because Plaintiffs did not serve these defendants within that 30-day period, and served them after the removal of this action, Defendants contend that the citizenship of Amstutz and the Amstutz Corporation cannot defeat diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States . . . .").

Defendants concede in their Opposition that "[b]y its terms, this rule seems applicable only to amendments adding *new* defendants, rather than substituting the real names of persons designated as 'Doe' defendants in the original complaint." Opposition, p. 7, Dkt. 10. But, even if the rule were applicable, the Ninth Circuit "has specifically rejected the contention that [28 U.S.C. §] 1441(b) implies that service is the key factor in determining diversity." *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969)). In *Clarence E. Morris*, a California corporation brought an action in a Nevada state court in which a California citizen and a Washington corporation were named as defendants. The Washington corporation removed the action to federal court at a time when the California citizen had not yet been served. The district court denied the plaintiff's motion to remand. By the time the district court heard and granted a motion to dismiss for failure to state a claim, the California citizen had been served. The plaintiff appealed the ruling on the motion to dismiss. The Ninth Circuit ruled that "there is insufficient basis for federal jurisdiction over this action." *Clarence E. Morris*, 412 F.2d at 1175. Citing *Pullman Co.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-10697 JAK (SHx) | Date | February 21, 2013 |
|---|---|---|---|
| Title | Alan Warner, et al. v. Wright Medical Group, Inc., et al. | | |

*v. Jenkins*, 305 U.S. 534 (1939), the court concluded that: "A nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant . . . . Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* at 1176.

*Morris* is controlling here. The Amstutz Corporation, which allegedly designed the prosthetic hip at issue, is identified as a California corporation. Accordingly, there is not complete diversity.

Defendants contend that the Amstutz Defendants were not named in good faith, but solely to defeat diversity jurisdiction. Defendants have not met the heavy burden of demonstrating fraudulent joinder of these parties. Thus, Plaintiffs allege that the Amstutz Defendants designed the allegedly defective product that is at issue in this action. There is no showing that this allegation is without any basis. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence. . . . Although there is a general presumption against fraudulent joinder . . . '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'"); *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder, however, requires more than merely showing that plaintiff has failed to state a claim for relief. . . . 'In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned.' . . . Defendants must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.'").

For the foregoing reasons, this case is remanded to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, Case No. BC475958.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |